UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHRIPAL N. SONI, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. 4:13-cv-00126 |
| | § | |
| JPMORGAN CHASE BANK, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Before the Court is the defendants', JPMorgan Chase Bank, N.A. ("JPMC") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "defendants"), motion for summary judgment and brief in support (Dkt. No. 14). The plaintiffs, Shripal N. Soni and Neha I. Soni (the "plaintiffs"), have filed a response in opposition to the defendants' motion (Dkt. No. 17) and the defendants have filed a reply (Dkt. No. 18). After having carefully examined the motion, response, reply, the record and the applicable law, the Court determines that the defendants' motion for summary judgment should be GRANTED.

### II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case concerns the plaintiffs challenge of the August 7, 2012 foreclosure sale of the property located at 5711 Bayberry Way, Sugarland, Texas 77479. On or about April 30, 1999, the plaintiffs executed a Note payable to FT Mortgage Companies d/b/a Sunbelt National Mortgage ("FT Mortgage") in the amount of $180,700.00. (Dkt. No. 14-1, Ex. B). Pursuant to the terms of the Note, the plaintiffs agreed to render monthly payments in the amount of $1,142.15 for a term of 30 years. Simultaneously with the execution of the Note, the plaintiffs

executed a Deed of Trust encumbering the real property located at 5711 Bayberry Way, Sugarland, Texas 77479 (the "property") and identifying FT Mortgage as the beneficiary. (*Id.*; Ex. C.). The plaintiffs also executed other documents in conjunction with the Note and Deed of Trust, including a Loan Agreement Rider dated April 30, 1999. (*Id.*; Ex. J-1.) The Loan Agreement Rider contains a merger clause expressly prohibiting any variations to the Loan Agreement by any oral agreements or discussions made before, contemporaneously with, or subsequent to the execution of the Loan Agreement. (*Id.*)

On May 1, 1999, the plaintiffs moved onto the property. On October 16, 2000, FT Mortgage assigned its rights and interests under the Note and Deed of Trust to JPMC. (*Id.*; Ex. D.). In 2007, the plaintiffs fell behind on their mortgage payments, thus defaulting on the Note and Deed of Trust. Thereafter, the plaintiffs applied for a number of different loan modifications and had many oral communications with JPMC. On or about July 1, 2009, a document memorializing the parties' oral communications, titled Home Affordable Modification Trial Period Plan ("Trial Plan"), was sent to the plaintiffs. (*Id.*; Ex. J-4.). Pursuant to the terms of the Trial Plan, the plaintiffs were required to make three consecutive payments in the amount of $1,395.00 on July 1, 2009, August 1, 2009 and on September 1, 2009. (*Id.*) The Trial Plan further provided that if a signed copy of the document was not returned to the plaintiffs on or before October 1, 2009, or if the plaintiffs failed to make any of the required payments, the original Loan Agreement would not be modified and the Trial Plan would terminate. (*Id.*) The plaintiffs failed to make the payments as required. (*Id.*; Ex. H at 53: 2- 8.) As a consequence, JPMC never executed or provided the plaintiffs with a signed copy of the Trial Plan and, on April 27, 2010, it sent them a Statement of Eligibility for Loan Modification denying their request for a Home Affordable Modification. (*Id.*; Ex. J-5.).

In 2010, during the course of the loan modification process, the plaintiffs stopped making loan payments altogether. On June 14, 2010, JPMC sent a notice of default and acceleration warning letter to the plaintiffs informing them of their total outstanding balance and further advising them of the action required to cure their default. (*Id.*; Ex. J-7.). The plaintiffs contend that, during this time, they were advised by JPMC's representatives that: (1) they were not allowed to make any mortgage payments while their loan was in modification status; (2) they were to ignore any foreclosure notices that they might receive during this time; and (3) JPMC would take no action to foreclose on their property while their loan was being considered for modification. (*See* Dkt. No. 4, ¶ 11.). They further contend that they were under the impression that any discrepancies with respect to their loan modification had been resolved until they were served with eviction papers by Freddie Mac. (*Id.* at ¶ 12.)

On March 14, 2012, JPMC sent the plaintiffs an update on their mortgage assistance request notifying them that they were not eligible for a modification under any modification program. (Dkt. No. 14-1, Ex. J-6). Afterward, JPMC retained a law firm to conduct foreclosure proceedings with respect to the property. On June 20, 2012, JPMC, through its attorneys, sent the plaintiffs, at their address of record, a letter notifying them that their debt had been accelerated and that the property was set to be sold at a foreclosure sale scheduled for August 7, 2012. (*Id.*; Ex. J-8; *see also* Exs. K, L, H & I.). The plaintiffs did not pay the amount due under the notice prior to the date of the scheduled sale. (*Id.*) On August 7, 2012, JPMC foreclosed on the property and Freddie Mac purchased it at the sale. (*Id.* at   ).

On December 21, 2012, the plaintiffs filed suit in the 268th Judicial District Court of Fort Bend County, Texas to contest JPMC's foreclosure of the property, alleging claims for breach of contract, negligence, wrongful foreclosure, slander of title, common law fraud, damages and

attorneys' fees. The defendants timely removed the case to this Court, which has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1]

On January 28, 2013, the plaintiffs filed their First Amended Complaint asserting claims for breach of contract and common law fraud. The defendants now move for summary judgment on the plaintiffs' claims.

### III.    SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy

---

[1] The Fort Bend County Appraisal District assesses the value of the subject real property as $293,880.

its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## IV. ANALYSIS AND DISCUSSION

### A. The Plaintiffs' Breach of Contract Claim[2]

As an initial matter, the defendants move for a summary judgment on the plaintiffs' breach of contact claim, asserting that conclusive evidence establishes that no verbal contract exists between the plaintiffs and JPMC and/or between the plaintiffs and Freddie Mac. In fact, the defendants maintain that the only contracts between the parties are the Note and Deed of Trust and the plaintiffs have no evidence of a material breach of either of these contracts. Additionally, the defendants contend that any agreed oral loan modification or promise not to foreclose is barred by the statute of frauds. Finally, the defendants argue that the plaintiffs cannot prevail on any alleged breach of the Note or Deed of Trust claim because it is undisputed that the plaintiffs first breached the Note and Deed of Trust by failing to make payments when due.

The essential elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.-Houston [14th Dist.] 2005, pet. denied)).

In their First Amended Complaint, the plaintiffs allege that the defendants breached an oral agreement not to foreclose on their property while their loan was being considered for modification. Nevertheless, the plaintiffs have failed to set forth facts sufficient to support the existence of a valid oral contract with JPMC and/or Freddie Mac. Additionally, even assuming

---

[2] The plaintiffs appear to allege in their First Amended Complaint that JPMC failed to provide proper and timely notice to them prior to foreclosure as required by the Note, Deed of Trust and the Texas Property Code. However, the record before this Court conclusively establishes that JPMC provided all pre-foreclosure notices required under the Note, Deed of Trust and the Texas Property Code and the plaintiffs have failed to tender any evidence to establish otherwise.

the existence of a valid oral agreement between the parties, the statute of frauds applies to preclude its enforcement.

Under Texas law "[a] loan agreement in which the amount involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." *See* Tex. Bus. & Comm. Code § 26.02(a)(2) & (b). "When a modification encompasses or relates to a matter that must be in writing, the modification is unenforceable unless it is also in writing." *Deuley v. Chase Home Finance LLC*, No. H-05-04253, 2006 WL 1155230 at *2 (S.D. Tex. April 26, 2006) (citing *Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955)). Accordingly, since the Note and Deed of Trust in this case were for $180,700.00, they are subject to the statute of frauds. The parties do not dispute this fact.

Likewise, because the plaintiffs' alleged oral loan modification relates to the Note and Deed of Trust, it must also be in writing in order to comply with the statute of frauds. Moreover, the Loan Agreement Rider contains a merger clause and expressly precludes any modifications to the parties' loan documents by any oral agreements or discussions that may have occurred prior to, contemporaneously with, or subsequent to the execution of the loan documents. Because the plaintiffs' breach of contract claim in this case stems from one or more alleged oral agreements that were never reduced to writing and the plaintiffs have failed to set forth any evidence that such terms were, in fact, reduced to writing, the plaintiffs have failed to raise a genuine issue of material fact on their breach of contract claim. Therefore, the defendants are entitled to judgment as a matter of law on the plaintiffs' breach of contract claim as it is barred by the statute of frauds. Lastly, the plaintiffs' admitted failure to perform their *own* contractual obligations under the Note and Deed of Trust also warrants a summary judgment in favor of the

defendants on their breach of contract claim. *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp.2d 800, 809 – 810 (N.D. Tex. 2012).

### B. The Plaintiffs' Fraud Claim

The defendants are also entitled to a summary judgment on the plaintiffs' fraud claim for several reasons. "To prevail on a fraud claim under Texas law a plaintiff must prove that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; (4) the plaintiff actually and justifiably relied upon the representation; and (5) the plaintiff thereby suffered an injury." *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843, *19 - 20 (S.D. Tex. Dec. 20, 2013) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life. Ins. Co.*, 51 S.W.2d 573, 577 (Tex. 2001)).

The plaintiffs, in their First Amended Complaint, assert that JPMC made certain false and material representations to them when informing them that: (1) they were not to make any mortgage payments while their loan was in modification status; (2) they were to ignore any foreclosure notices sent to them during this time period; and (3) JPMC would take no action to foreclose on their property while their loan was being considered for modification. (*See* Dkt. No. 4, ¶ 17). The plaintiffs make these same bare assertions in response to the defendants' motion for summary judgment, without tendering even the slightest evidence in support of them. They also assert, without offering any evidentiary support, that the elements of their fraud claim are undisputed. However, "a plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of [his or her] pleadings." *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984). "On the contrary, 'once defendants have made . . . sworn denials, summary judgment is

appropriate unless [a] plaintiff can produce *significant evidence* demonstrating the existence of a genuine fact issue." *Id.* (quoting *Parsons v. Ford Motor Co.*, 669 F.2d 308, 313 (5th Cir.), *cert. denied*, 459 U.S. 832, 103 S. Ct. 73, 74 L.Ed.2d 72 (1982)) (emphasis in original).

Not only have the plaintiffs failed to produce *significant* evidence demonstrating the existence of a genuine issue of material fact with regard to their fraud claim in this case, but they have also conceded that neither JPMC nor Freddie Mac made any false representations to them regarding their Loan, mortgage assistance for their Loan, and/or the foreclosure of their property. Similarly, they admit that they have no evidence to support their entitlement to damages from either defendant. (*See* Dkt. No. 14, Exs. K & L.). Accordingly, the defendants are entitled to judgment as a matter of law on the plaintiffs' fraud claim as the plaintiffs are unable to establish the requisite elements of their claim.

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion for summary judgment is GRANTED.

It is so **ORDERED**.

SIGNED on this 28th day of February, 2014.

_____
Kenneth M. Hoyt
United States District Judge